IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JASON BERBERENA-GARCIA

    Plaintiff

v.

EDWIN AVILES, et al

    Defendants

**Civil No. 06-1907 (SEC)**

**OPINION and ORDER**

Pending before this Court is Plaintiff's "Informative Motion Regarding Rule 68 and for Entry of Judgment" (Docket # 150), and Defendants' motion for sanctions. Docket # 151. Defendants further request that this Court deem their offer of judgment rejected, and that the case proceed to trial as scheduled. Upon reviewing the filings, and the applicable law, Defendants' motion for sanctions is **DENIED**, and Plaintiff's motion for entry of judgment is **GRANTED**.

**Factual and Procedural Background**

On April 1, 2009, Defendants filed a "Motion Submitting Offer of Judgment," requesting that this Court enter judgment for $50,000 pursuant to FED. R. CIV. P. 68 in order to settle the instant case. Docket # 136. On April 2, 2009, Plaintiff filed a "Notice of Acceptance of Judgment and Request for Entry of Judgment." Docket # 137. Therein, Plaintiff notes that since Defendants did not explicitly state that their $50,000 offer of judgment includes "costs then accrued," pursuant to Marek v. Chesny, 473 U.S. 1 (1985), and Rule 68, judgment shall be entered for $50,000, plus costs. Later that day, Defendants filed an "Emergency Motion Requesting Order," arguing that Plaintiff's notice of acceptance does not constitute a valid acceptance of their offer of judgment insofar as Plaintiff seeks additional monies to the amount

**CIVIL NO. 06-1907 (SEC)**                                                                                          Page 2

offered, that is, $50,000. Docket # 138. According to Defendants, Plaintiff's notice of acceptance constitutes a counteroffer, and as a result, they move this Court to issue an order stating that Plaintiff rejected their offer, and that the case shall proceed to trial. At that time, this Court issued an order striking Defendants' offer of judgment for failure to comply with Rule 68, specifically, because it had been filed without the opposing party's acceptance of the same. See Docket # 139.[1]

On April 3, 2009, Plaintiff filed a second notice of acceptance of Defendants' offer of judgment, submitting Defendants' offer and their acceptance of the same, and requesting that judgment be entered for $50,000, plus costs accrued. Docket # 140. On said date, Plaintiff also filed a "Response in Opposition to Motion Requesting Order," averring that Defendants' offer of judgment did not explicitly state that costs were included in their $50,000 offer, thus, under Rule 68, Section 1988, and the applicable case law, judgment shall be entered for $50,000 plus costs accrued. Docket # 141.

On April 7, 2009, Defendants filed a motion to strike Plaintiff's second notice of acceptance of offer. Docket # 142. They further informed this Court that they formally notified Plaintiff of their "offer of judgment" by facsimile on April 6, 2009. At the time, this Court granted Defendants' request, and as a result, all motions arising from Defendants' April 1, 2009 offer of judgment were stricken from the record. See Docket # 143. In his request for reconsideration, Plaintiff argued that, on April 6, 2009, his counsel received by facsimile a letter from Defendants' counsel, which despite being called an "offer of judgment," does not constitute such nor revoke Defendants' prior offer of judgment. Docket # 146. Plaintiff's request for reconsideration was denied. Dockets ## 146 & 147. However, in its order, this Court

---

[1] As a result, Defendants' emergency motion requesting order was moot.

**CIVIL NO. 06-1907 (SEC)**                                                                 Page 3

noted that although Defendants' offer of judgment was stricken from the record for failure to comply with Rule 68, that is, because it was filed without the acceptance, said offer had not been revoked. As a result, either party could re-file the offer together with the acceptance. As such, on April 13, 2009, Plaintiff filed an informative motion, submitting Defendants' offer of judgment and their acceptance of the same, as well as requesting that this Court enter judgment for $50,000, plus costs. Defendants opposed said request, arguing that the offer be deemed rejected, and that this Court impose sanctions upon Plaintiff's counsel for their repeated attempts to secure a judgment of $50,000 plus costs. Docket # 151.

**Standard of Review**

Rule 68 provides that "[m]ore than 10 days before trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*. If within 10 days after being served, the opposing party serves written notice accepting the offer, *either party may then file the offer and notice of acceptance, plus proof of service*. The clerk must then enter judgment." (emphasis provided). Courts have stricken the early filing of unaccepted offers of judgment. Brechtol v. Marsh & McLennan Co., No. 07-1246, 2008 U.S. Dist LEXIS 107849, *4 (W.D. Wash. 2008) (citing Boorestein v. New York, 107 F.R.D. 31, 33 (D.C.N.Y. 1985); Kason v. Amphenol Corp., 132 F.R.D. 197 (N.D. Ill.1990). However, "striking the premature filing does not...equate to striking the offer itself..." Brechtol, No. 07-1246, 2008 U.S. Dist LEXIS 107849 at *4.

As to the terms of an offer of judgment under Rule 68, in Marek v. Chesny, 473 U.S. 1, 6 (1984), the Supreme Court held that "[i]f an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of [sic] Rule [68] to include in its judgment an additional

**CIVIL NO. 06-1907 (SEC)**                                                                                                         Page 4

**CIVIL NO. 06-1907 (SEC)**                                                                                                                      Page 4

amount which in its discretion [sic] it determines to be sufficient to cover the costs." The Court further stated that "[a]s long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid." Id. at 6 (emphasis included).

In Chesny, the Court also held that insofar as Rule 68 does not define the term "costs," "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." Id. at 9. Since Section 1988 provides that a prevailing party in a Section 1983 claim may be awarded attorney's fees as part of the costs, the Court concluded that "costs" under Rule 68 include attorney's fees awardable under Section 1988. Id.

**Applicable Law and Analysis**

Upon reviewing the record, this Court finds that since Defendants' motion submitting offer of judgment was filed without Plaintiff's acceptance, it was prematurely filed, and duly stricken from the record. Docket # 139. Notwithstanding, on April 3, 2009, Plaintiff filed his second notice of acceptance of Defendants' offer of judgment, in which he submits Defendants' offer and their acceptance of the same, and requests that judgment be entered for $50,000, plus costs accrued. Docket # 140. In support of their motion to strike Plaintiff's second notice of acceptance, Defendants aver that they formally notified Plaintiff of their "offer of judgment" by facsimile on April 6, 2009. Docket # 142. Considering that Defendants provided the facsimile confirmation sheet, Plaintiff's request for reconsideration of the order striking Dockets # 140 & 141 was denied. Dockets ## 146 & 147. However, this Court's granting of Defendants' request, and denial of Plaintiff's request for reconsideration, was based upon the erroneous belief that the alleged "offer of judgment" sent on April 6, 2009, was the offer originally made

**CIVIL NO. 06-1907 (SEC)**                                                              Page 5

to Defendants on April 1, 2009.[2] Docket # 143. On April 13, 2009, Plaintiff filed an informative motion, noting that pursuant to this Court's order, the striking of Defendants' April 1, 2009 offer of judgment did not revoke said offer, and as such, either party could re-file the offer together with the acceptance. Docket # 150. As a result, Plaintiff once again submits Defendants' offer of judgment and their acceptance of the same, and requests that this Court enter judgment for $50,000, plus costs.

      This Court finds that Defendants' offer of judgment, filed on April 1, 2009, was served upon Plaintiff *via* the Court's Electronic Filing System. Local Rule 5.1 (b)(2) provides that "the receipt of the Notice of Electronic Filing generated by the Court's Electronic Case Management System shall constitute the equivalent of service of the pleading or other paper on the person." Therefore, Defendants' offer of judgment was duly notified to Plaintiff on April 1, 2009. As previously stated, although a court may strike the early filing of an unaccepted offer of judgment, it does not constitute a striking of the order itself. <u>Brechtol</u>, No. 07-1246, 2008 U.S. Dist LEXIS 107849, *4 (W.D. Wash. 2008) (citing <u>Boorestein</u>, 107 F.R.D. at 33). As such, notwithstanding this Court's striking of Defendants' motion submitting the offer of judgment at Docket # 136, Defendants' April 1, 2009 offer of judgment was not revoked.

      After reviewing the documents attached to Defendants' motion requesting sanctions (Docket # 151), this Court finds that the offer of judgment sent by Defendants on April 6, 2009 is not the same offer as the one made on April 1, 2009. Since Defendants cannot revoke an offer of judgment, more so when Plaintiff has accepted the same, this Court partially sets aside its April 7, 2009 Order granting Defendants' motion to strike Dockets # 140 & 141 (Docket # 143).

---

    [2] Defendants attached as an exhibit to their motion requesting sanctions the draft of the "offer of judgment" sent via facsimile on April 6, 2009. Docket # 151.

**CIVIL NO. 06-1907 (SEC)**                                                                 **Page 6**

As a result, this Court also sets aside its April 13, 2009 Order denying Plaintiff's Motion for Reconsideration (Docket # 147).

Upon Plaintiff's filing of the offer and its acceptance of the same at Docket # 140, this Court is bound by Rule 68, and judgment shall be entered accordingly for $50,000, plus costs accrued, to be determined by this Court. However, Defendants' offer of judgment does not constitute an admission of liability in the present case.

**Conclusion**

Based on the foregoing, Plaintiff's motion for entry of judgment is **GRANTED** (Docket # 150), and Defendants' motion for sanctions is **DENIED** (Docket # 151).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of April, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge