IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JASON BERBERENA-GARCIA

    Plaintiff

v.                                       **Civil No. 06-1907 (SEC)**

EDWIN AVILES, et al

    Defendants

**OPINION and ORDER**

Pursuant to Plaintiff's filing of Defendants' offer of judgment, and its acceptance of the same at Docket # 140, this Court entered judgment for $50,000, plus costs accrued. Docket # 155. Upon this Court's denial of their motion for reconsideration, on June 10, 2009, Defendants filed a notice of appeal. Docket # 175. Shortly thereafter, Plaintiff filed a motion requesting attorney's fees and expenses, as well as the bill of costs (Dockets ## 157 & 160), and Defendants filed their opposition (Dockets # 169 & 172). In their opposition, Defendants request that Plaintiff's motion requesting attorney's fees, and bill of costs be stayed. Docket # 172. Finally, Defendants filed a "Motion Requesting Stay of Enforcement of Judgment Pending Appeal and Waiver of *Supersedeas* Bond." Docket # 178. Defendants request that, pending the appeal, this Court grant an unsecured stay of the execution of judgment. Docket # 178. In support of said request, Defendants rely on their plain capacity to pay the judgment. Plaintiffs oppose, arguing that Defendants' filing of an appeal without posting a *supersedeas* bond does not relieve Defendants from their obligation to comply with this Court's Judgment.

Pursuant to FED. R CIV. P. 62(d), a party appealing a monetary judgment may request a stay to enforce the district court's judgment, upon the posting of a *supersedeas* bond. This district has noted that "the underlying purpose of the bond is to 'protect the interest of the judgment creditor whose execution is pending the outcome of the appeal.'" Perez Rodriguez v.

**CIVIL NO. 06-1907 (SEC)**                                                                                            Page 2

Rey Hernandez, 304 F. Supp. 2d 227, 228 (D.P.R. 2004) (citing Rivera Perez v. Massachusetts General Hospital, 193 F.R.D. 43, 44 (D.P.R. 2000)). Therefore, the prevailing plaintiff is protected "from the risk of a later uncollectible judgment and compensates him for the delay in the entry of final judgment." Id. (internal citations omitted.)  Notwithstanding, courts have held that there is no bond requirement if: "(1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy." Id. at 228-229 (citing Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002). The First Circuit has held that "the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]." Acevedo-Garcia v. Vera-Monroig, 296 F.3d at 16-17 (citing United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987) (internal quotations omitted).

After reviewing the pleadings, this Court concludes that Defendants' assertions of their ability to pay are insufficient to bypass the requirement of a bond, in order to stay the execution of judgment.  Specifically, Defendants have not provided adequate documentation supporting their capacity to satisfy this Court's judgment. As a result, this Court cannot make such a determination. See  Acevedo-Garcia v. Vera-Monroig, 296 F.3d at 17. Notwithstanding, this Court finds that a bond in the full amount of Defendants' debt with Plaintiff should not be imposed, insofar as the amount of attorney's fees and costs are yet to be determined. Moreover, Defendants' appeal hinges on Plaintiff's right to claim attorney's fees and costs.  Accordingly, this Court **ORDERS** Defendants to post a *supersedeas* bond for $50,000[1] by **July 24, 2009.** Once Defendants comply with this order, and the bond is posted, execution of this Court's

---

[1] There is no controversy as to the fact that the offer of judgment is $50,000. Defendants are only contesting the imposition of attorney's fees, and costs.

judgment will automatically be stayed. Defendants are forewarned that upon their failure to post the *supersedeas* bond within the deadline provided, Plaintiff is entitled to immediately request the execution of this Court's judgment.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of July, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge